**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ADi Motorsports, Inc., | No. CV-07-1932-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Timothy L. Hubman; the Hubman Foundation; and Maria Lankina, | |
| Defendants. | |
| and | |
| NAPIS, Inc., | |
| Garnishee. | |

This is an action in garnishment to satisfy an existing judgment. Garnishee NAPIS, Inc. has filed a motion to dismiss pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Dkt. #24. An objection to the motion has been filed by Intervenor Richard Weyand, who claims an ownership interest in the bond at issue. Dkt. #28. A response, reply, and surreply have also been filed. Dkt.#29-31.

**I.    Background.**

Plaintiff ADi Motorsports, Inc. ("ADi") obtained a judgment of more than two million dollars against Defendants Timothy Hubman and the Hubman Foundation ("Foundation") in the United States District Court for the Western District of Virginia. ADi registered the judgment in this Court pursuant to 28 U.S.C. § 1963 and now seeks to garnish funds owed

to Defendants by NAPIS.  Dkt. #1.

The Foundation is the registered owner of a bond issued by NAPIS ("Bond").  The Bond, a copy of which is attached to NAPIS's motion, is in the amount of $4,369,000.  The Bond is dated July 6, 2006, and bears CUSIP number U62911AA7 and Note number B-1006.  Dkt. #24 at 10.  In addition to the principal amount of the Bond that eventually will become due to the Foundation, ADi seeks to attach more than $500,000 in interest now alleged to be due to the Foundation under the Bond.  Dkt. #11.

NAPIS has identified several persons and entities to whom the Foundation purported to assign interests in the Bond or who otherwise claim a right to money owed by NAPIS under the Bond.  Dkt. #24 at 8.  Three of these claimants – Richard Weyand, Annie Chapman and The Chapman Group, LLC, and National Bank of Harvey – have intervened in this action.  Dkt. #26.  Five others – Glenda Cundiff, Xavier McDaniel, Scott and Keri Schumacher, FS Consulting, and MRR, LLC – have not intervened or otherwise made an appearance in this action.  NAPIS asserts that the Foundation, through its president, Timothy Hubman, attempted to assign interests in the Bond to these individuals and entities ("Assignees").  Dkt. #24 at 9-24.

NAPIS contends that this action should be dismissed because the Assignees are necessary parties, their joinder is not feasible, and the Court cannot allow the action to go forward in equity and good conscience without them.  Dkt. #24 at 2-5.  ADi responds that the Assignees are not necessary, that they can be feasibly joined, and that no inequity results from continuing the proceeding without them.  Dkt. #29 at 4-17.  The Court concludes that the Assignees are not necessary parties under Rule 19, and that dismissal is therefore not appropriate under Rule 12(b)(7).[1]

---

[1] NAPIS's reply argues for the first time that this proceeding cannot go forward unless the Court can take physical possession of the Bond, and asserts that no party has come forward with the Bond.  Dkt. #30.  The Court will not grant dismissal on an argument raised for the first time in reply.  ADi presents several persuasive responses to this argument in its surreply (Dkt. #31), but the Court need not address these responses given the fact that NAPIS did not raise this argument in a timely manner.

## II. Rules 12(b)(7) and 19.

Arizona law governs this garnishment action to the extent it does not conflict with federal law. Fed. R. Civ. P. 69(a). NAPIS argues that the Court should dismiss the case pursuant to Rules 12(b)(7) and 19. Both Arizona and Federal Rule 12(b)(7) allow for dismissal of an action for failure to join an indispensable party under Rule 19. The application of both Arizona and Federal Rule 19 entails a three-step analysis. First, the court must determine whether the absent party is "necessary." If the absent party is necessary, the court must determine whether joinder is "feasible." Finally, if joinder is not feasible, the court must decide whether the party is "indispensable," i.e., whether in "equity and good conscience" the action can continue without the party. *See Copper Hills Enters., Ltd. v. Ariz. Dep't of Revenue*, 153 P.3d 407, 413 (Ariz. Ct. App. 2007); *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

## III. Analysis.

An absent party is necessary under Rule 19 when complete relief is not possible without the party's presence or when the party claims a legally protected interest in the action. *See Siler v. Super. Ct.*, 316 P.2d 296, 299 (Ariz. 1957); *Bowen*, 172 F.3d at 688. The legally protected interest must be more than a financial stake and more than speculation about a future event. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

NAPIS contends that the Assignees have a legally protected interest in this action because the Foundation purported to assign all or some of its interest in the Bond to the Assignees. Dkt. #24 at 2-3. ADi disagrees, arguing that the Assignees are not necessary parties because they have not been assigned, and have not otherwise claimed, an interest in the Bond. Dkt. #29 at 7-8. NAPIS does not address this argument in its reply brief. *See* Dkt. #30.

In support of its contention that the Assignees have a legally protected interest in this action, NAPIS has presented letters in which Hubman purported to assign an interest in a particular bond to the Assignees. Dkt. #24 at 11, 13, 15, 19, 23. But the bond identified in Hubman's letters is different from the bond at issue in this case. The bond purportedly

- 3 -

assigned to the Assignees bears CUSIP number USU62911AA74 and Note number B-1004. *Id.* The Bond ADi seeks to garnish bears CUSIP number U62911AA7 and Note number B-1006. *Id.* at 10.

In addition, the Bond ADi seeks to garnish is dated July 6, 2006. *Id.* Hubman's purported assignments are dated either June 21 or June 22, 2006 – at least two weeks before the Bond was issued. *See id.* at 11, 13, 15, 19, 23.[2]

NAPIS has not met its burden of showing that the Assignees have a legally protected interest in this suit. *See Makah Indian Tribe*, 910 F.2d at 558 (stating that the moving party bears the burden of showing that dismissal is required for failure to join an indispensable party). Nor has NAPIS shown that complete relief is not possible without the Assignees' joinder. Therefore, the Assignees are not necessary parties under Rule 19, and dismissal is not inappropriate under Rule 12(b)(7). NAPIS's motion to dismiss will be denied.

**IT IS ORDERED:**

1. Garnishee NAPIS Inc.'s motion to dismiss (Dkt #24) is **denied**.
2. A Rule 16 conference will be held on **January 24, 2008**, at **2:00 p.m.** Counsel for all parties shall attend. The purpose of this conference will be to set a date for the disposition of this matter and to determine the nature and length of the disposition hearing. On or before **January 16, 2008**, the parties shall file a joint memorandum, not to exceed 7 pages, describing the hearing needed to conclude this action, the evidence that will be presented at the hearing, and the estimated length of time for the hearing. Plaintiff shall initiate the process of preparing the joint memorandum and shall, on or before **January 4, 2008**, provide all other parties with a first draft of the joint memorandum.

---

[2]ADi has presented evidence in its surreply purportedly showing that the bond Hubman sought to assign has been canceled and that NAPIS thwarted Hubman's assignment efforts. Dkt. #31-2 at 4-14. The Court will not consider this evidence in ruling on NAPIS's motion because ADi did not obtain leave of Court to file a surreply.

1  DATED this 11th day of December, 2007.

_____
David G. Campbell
United States District Judge