**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ADi Motorsports, Inc., | ) | No. CV07-1932-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Timothy L. Hubman, et al., | ) | |
| Defendants. | ) | |

The National Bank of Harvey, ADi Motorsports, Inc., Annie Chapman and Richard Weyand, collectively referred to in this order as the Judgment Creditors, have filed a motion to compel discovery responses from the Garnishee, NAPIS, Inc. Dkt. #119. NAPIS has responded (Dkt. #122) and the Judgment Creditors have replied (Dkt. #123). In addition, counsel for NAPIS – Titus, Brueckner & Berry, P.C. – has filed a renewed motion to withdraw from representing NAPIS. Dkt. #121.

The Court held hearings on October 16, October 29 and November 5, 2009. At the first two hearings, the President of NAPIS, David Spargo, assured the Court that the judgment against NAPIS would be paid in the near future. Twice the Court deferred ruling on these motions so that NAPIS would have an opportunity to perform. NAPIS has not performed. These are only the most recent in a series of promises to pay that NAPIS has failed to complete. At the hearing on November 5, 2009, the Court stated that it would no longer await payment by NAPIS. The Court will rule on the pending motions.

I. **Motion to Compel and for Sanctions.**

NAPIS and the Judgment Creditors executed a settlement agreement on November 28, 2008, that called for NAPIS to pay $4,640,000 to the Judgment Creditors by December 13, 2008. The settlement agreement included a stipulated judgment in favor of the Judgment Creditors should NAPIS fail to pay. NAPIS did not make the payment as required, and counsel for the Judgment Creditors recorded the stipulated judgment on January 21, 2009.

The motion to compel concerns a series of document production requests and interrogatories designed to discover all of NAPIS' assets and financial dealings. The purpose is to enable the Judgment Creditors to collect on the stipulated judgment. The Judgment Creditors served the request for production of documents and interrogatories on June 16, 2009. NAPIS responded on July 20, 2009, but produced no documents and answered only a handful of the interrogatories. NAPIS' primary response was to object to the discovery requests as overly broad, burdensome, and irrelevant.

The motion to compel asks the Court to require that NAPIS respond to the written discovery requests. The Judgment Creditors also seek $24,000 in sanctions for attorneys' fees and costs incurred in pursuing the discovery. They ask that the sanctions be imposed both against NAPIS and its counsel.

A. **Request for Production of Documents.**

The Court has reviewed the 53 requests for production of documents served by the Judgment Creditors. For the most part, the Court concludes that the requests seek relevant and discoverable information concerning the financial condition and assets of NAPIS.

The Court will require NAPIS to respond in full to requests for production 1, 3-8, 10, 12-14, 16-18, 21-24 (the Court assumes the word "sells" in request 23 was meant to be "sales"), 26, 36-38, 42, 44, 47, 50-51, and 53. When these requests call for NAPIS to identify assets, transactions, transfers, or similar information, NAPIS will be required to provide such information only to the extent that the asset, transaction, transfer, or other item equals or exceeds $25,000 in value.

In response to request number 2, NAPIS need only provide bank statements. It need not provide cancelled checks and the other information called for in the request.

With respect to request number 11, NAPIS must provide the information only for the current year, 2009. With respect to request number 27, NAPIS need only provide statements for the accounts.

NAPIS will not be required to responding to the remaining document production requests.

In responding to these requests, and to the interrogatories that will be addressed below, "NAPIS, Inc." will refer only to the corporation, not the broader definition set forth in the Judgment Creditors' definitions.

NAPIS shall respond to these document production requests, and to the interrogatories identified below, by **November 30, 2009**.

**B.     Interrogatories**.

NAPIS shall respond in full to interrogatories 1-3, 5-15, and 17-25. As with the requests for production of documents, NAPIS need identify assets, transactions, transfers, and other information only to the extent of $25,000 or more. With respect to interrogatory number 4, NAPIS must identify contracts and business relationships, not contacts and communications.

**C.     Request for Sanctions.**

The Court will grant the Judgment Creditors' request for sanctions. Because the Judgment Creditors have provided no support for their request for $24,000 in attorneys' fees, the Court will require an additional submission. On or before **November 20, 2009**, the Judgment Creditors shall provide an affidavit setting forth all attorneys' fees and costs incurred by the Judgment Creditors in propounding and seeking to enforce the discovery requests. The affidavit need not comply with the Court's Local Rules concerning attorneys' fees requests. NAPIS shall file a response, if any, on or before **November 30, 2009**. The Court will rule on the request without additional briefing or argument.

The Court will not impose sanctions on Titus, Brueckner & Berry, or its attorneys. The Court concludes that the attorneys have sought in good faith to represent NAPIS and to obtain information responsive to the discovery requests.

**II.     Renewed Motion to Withdraw.**

The Court will grant the motion of Titus, Brueckner & Berry to withdraw as counsel for NAPIS. The Court concludes that these attorneys have sought to obtain NAPIS' compliance with discovery requests and with the stipulated judgment, unsuccessfully, and have not been paid for their efforts. The Court grants their motion to withdraw immediately.

Because a corporation cannot appear in federal court without counsel, NAPIS shall retain new counsel on or before **November 30, 2009**. New counsel shall file a notice of appearance with the Court on or before **November 30, 2009**.

The attorneys at Titus, Brueckner & Berry shall immediately forward a copy of this order to NAPIS and Mr. Spargo.

**IT IS ORDERED:**

1. The motion to compel and for sanctions against NAPIS, Inc. (Dkt. #119) is **granted in part and denied in part** as set forth above.
2. The renewed motion for withdrawal (Dkt. #121) is **granted**.
3. NAPIS, Inc. shall provide responses to the discovery requests, as set forth in this order, by **November 30, 2009**.
4. NAPIS shall retain new counsel on or before **November 30, 2009**. NAPIS' new counsel shall file a notice of appearance with the Court on or before **November 30, 2009**.

DATED this 10th day of November, 2009.

_____
David G. Campbell
United States District Judge