**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ADi Motorsports Incorporated, | No. CV-07-01932-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Timothy Hubman, et al., | |
| Defendants. | |

Third-party Plaintiffs Annie Chapman and the Chapman Group II, LLC have brought a *writ of scire facias*, asking the Court to revive a 2009 judgment against NAPIS, Inc. and in favor of Chapman Group, for the principal amount of $1,975,034.51 plus interest. Doc. 187, ¶ 1. Plaintiffs contend that the judgment has not been satisfied, but concede that it has expired. *Id.*, ¶ 3.

Federal Rule of Civil Procedure 81(b) abolished the *writ of scire facias*, but provided that "[r]elief previously available through [it] may be obtained by appropriate action or motion under these rules." The remaining rules do not specifically provide for the revival of a judgment, but Rule 69(a)(1) states that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Because no federal statute governs here, the Court will look to Arizona law. *See Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006)

("Time limits for writs of execution are procedural in nature and are governed by state law."); *Suraleb, Inc. v. Prod. Ass'n "Minsk Tractor Works," Republic of Belarus*, No. 06 C 3496, 2014 WL 238300, at *1 (N.D. Ill. Jan. 21, 2014) (applying Illinois law to a motion to revive a judgment).

Arizona law, like federal law, has abandoned the *writ of scire facias*. *Fid. Nat. Fin. Inc. v. Friedman*, 238 P.3d 118, 120 (Ariz. 2010). Statute now governs the expiration and renewal of a judgment. A.R.S. § 12-1551 provides:

> A. The party in whose favor a judgment is given, at any time within five years after entry of the judgment and within five years after any renewal of the judgment either by affidavit or by an action brought on it, may have a writ of execution or other process issued for its enforcement.
>
> B. An execution or other process shall not be issued on a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or process pursuant to § 12-1612 or an action is brought on it within five years from the date of the entry of the judgment or of its renewal.

A.R.S. § 12-1612(B) further emphasizes that a judgment may be renewed by affidavit only if the affidavit is filed within ninety days preceding the expiration of five years from the date of entry of judgment. *See also* A.R.S. § 12-1611 ("A judgment may be renewed by action thereon at any time within five years after the date of the judgment.").

As a result, Arizona law does not allow for revival of a judgment if a renewal affidavit or other action on the judgment is not filed within five years of the date the judgment was issued or the date on which the judgment had previously been renewed. This five-year time limit is strictly applied. *State ex rel. Indus. Comm'n of Arizona v. Galloway*, 230 P.3d 708, 712-13 (Ariz. Ct. App. 2010) ("A.R.S. § 12-1612(B) expressly provides that a renewal by affidavit must be filed within ninety days before the expiration of the judgment, and strict compliance with the renewal provisions is required to effect a

renewal."); *Fay v. Harris*, 164 P.2d 860, 861 (Ariz. 1945).[1] Because there is no evidence Plaintiffs have taken any action on the judgment in the last five years, they may not move to revive the judgment now.

**IT IS ORDERED** that Plaintiffs' motion for *writ of scire facias* (Doc. 187) is **denied.**

Dated this 17th day of April, 2017.

---

David G. Campbell
United States District Judge

---

[1] Arizona courts have applied alternative time limits or extensions when specific statutes provided for such time periods. For example, in *Galloway* the Arizona Court of Appeals applied A.R.S § 23-418, which provides for execution of Arizona Division of Occupational Safety and Health penalties within 8 years of judgment. 230 P.3d at 712 ("Because the specific statute governing enforcement of ADOSH penalties provides a longer limitations period than the general statute, we conclude that the eight-year period controls."). Similarly, the Arizona Supreme Court noted that federal bankruptcy law (specifically provision 11 U.S.C. § 108), may extend the five-year period for renewing a judgment under Arizona law. *In re Smith*, 101 P.3d 637, 639 (Ariz. 2004). The Court has no reason to think that any such statute would operate to change the application of the five-year time limit here.